1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

MICHELLE NARANJO, et al.,

        Plaintiffs,

    v.

BANK OF AMERICA NATIONAL
ASSOCIATION,

        Defendant.

Case No.: 14-CV-02748-LHK

**ORDER GRANTING MOTION TO
AMEND, AND DENYING MOTION TO
DISMISS**

Re: Dkt. Nos. 19, 25

Plaintiffs Michelle Naranjo and Mathan Jayme (collectively, "Plaintiffs") bring this lawsuit against Defendant Bank of America National Association ("Defendant") alleging violations of the California Labor Code for failure to provide legally compliant itemized pay statements, failure to pay overtime, providing improper forms of payment, failure to timely pay wages, and failure to provide legally-required rest periods. ECF No. 1 ("Compl.") ¶¶ 1-30. Before the Court are two motions. The first is Defendant's motion to strike or to dismiss Plaintiffs' representative claim under California Labor Code § 2698 *et seq.*, the Private Attorneys General Act of 2004 ("PAGA"). ECF No. 19 ("Motion to Dismiss"). The second is Plaintiffs' motion for leave to file a first amended complaint. ECF No. 25 ("Motion to Amend" or "Mot."). Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Plaintiffs'

1

1  Motion to Amend and DENIES Defendant's Motion to Dismiss without prejudice, for the reasons

2  stated below.

3  **I.  BACKGROUND**

4    **A.  Factual Background**

5    Plaintiffs are former employees of Defendant, and were employed in San Jose, California.

6  Compl. ¶ 2. Michelle Naranjo ("Naranjo") was terminated by Defendant on December 30, 2013.

7  *Id.* ¶ 6. Mathan Jayme ("Jayme") was terminated by Defendant on March 10, 2014. *Id.* ¶ 7.

8  Plaintiffs allege that upon their termination, Defendant paid Plaintiffs with cashier's checks, but

9  failed to provide Plaintiffs with pay statements as required by California law. *Id.* ¶¶ 6-7. Plaintiffs

10 also allege that Defendant failed to pay Plaintiffs for time worked during Plaintiffs' final pay

11 periods. *Id.* ¶¶ 11-12. Naranjo individually alleges that Defendant failed to pay her for one hour

12 and 22 minutes of overtime during Naranjo's final pay period, and that Defendant systematically

13 failed to allow Naranjo to take legally-mandated rest periods during her employment. *Id.* ¶¶ 14-26.

14   **B.  Procedural Background**

15   On May 14, 2015, Plaintiffs filed the operative Complaint in California Superior Court for

16 the County of Santa Clara. Plaintiffs allege that Defendant's failure to provide them with pay

17 statements upon termination, and failure to pay them for time worked during their final pay

18 periods, violated California Labor Code §§ 201, 203, and 226. Compl. ¶¶ 1-12. Naranjo

19 individually alleges that Defendant's failure to pay Naranjo for overtime work, and systematic

20 failure to permit Naranjo to take her legally-mandated rest periods, violated Labor Code §§ 510

21 and 226.7. Compl. ¶¶ 13-26. Of particular relevance to the instant Motion to Amend and Motion

22 to Dismiss, Plaintiffs seek damages under PAGA "on behalf of themselves and other current and

23 former employees of Defendant affected by the labor law violations alleged in this complaint." *Id.*

24 ¶ 29.

25   On June 13, 2014, Defendant removed this lawsuit to U.S. District Court on the basis of

26 diversity jurisdiction. ECF No. 1, at 4, 13. On November 5, 2014, this Court held an initial case

27 management conference, at which the Court set a deadline to amend pleadings or add parties of

28

Case No.: 14-CV-02748-LHK
ORDER GRANTING MOTION TO AMEND, AND DENYING MOTION TO DISMISS

United States District Court
Northern District of California

1    January 1, 2015. ECF No. 17, at 1.

2        On November 19, 2014, Defendant filed the instant Motion to Dismiss. ECF No. 19.

3   Defendant moved to dismiss and strike Plaintiffs' PAGA claim, on the grounds that Plaintiffs

4   improperly sought to represent absent "aggrieved" current and former employees of Defendant. *Id*.

5   at 1. Defendant argued that, unless Plaintiffs alleged that they could meet the requirements of class

6   certification pursuant to Federal Rule of Civil Procedure 23 with respect to Plaintiffs'

7   representative PAGA claim, Plaintiffs could not seek PAGA penalties on behalf of other

8   aggrieved employees. *Id*. Defendant further contended that absent bringing a PAGA claim as a

9   class action, Plaintiffs lack standing under Article III of the U.S. Constitution to pursue relief on

10   behalf of other absent parties. *Id*. In addition, Defendant argued that, because Plaintiffs did not

11   bring their representative PAGA claim pursuant to a putative class action under Rule 23,

12   Plaintiffs' PAGA claim was unmanageable. *Id*. at 11-14. Plaintiffs filed an opposition to the

13   Motion to Dismiss on December 3, 2014. ECF No. 23. Defendant filed a reply on December 19,

14   2014. ECF No. 27.

15        On December 5, 2014—approximately two weeks after Defendant filed the Motion to

16   Dismiss, and approximately one month before the deadline to amend pleadings or add parties—

17   Plaintiffs filed the instant Motion to Amend. ECF No. 25. The Motion to Amend sought leave of

18   the Court to file a First Amended Complaint ("FAC"). ECF No. 25-3. The First Amended

19   Complaint made three substantive changes to Plaintiffs' allegations which are relevant here. First,

20   the First Amended Complaint converted Plaintiffs' allegation that Defendant failed to provide

21   wage statements to terminated employees in violation of Labor Code § 226 from an individual

22   claim to a class claim. FAC ¶ 30. Second, Plaintiffs sought, pursuant to Rule 23, to represent the

23   following class with respect to Plaintiffs' § 226 claim:

24           All current and former non-exempt California employees whose
           employment was terminated (voluntarily or involuntarily) at any
25            time from May 15, 2013, through the present, who received their
           final pay in the form of cashier's check, and who did not opt-in to
26            the Fair Labor Standards Act (the "FLSA") settlement in the case
           entitled, *Bank of America Wage and Hour Employment Practices*

27

28

3

United States District Court
Northern District of California

1    *Litigation*, Case No. 10-md-2138, pending in the United States
     District Court of Kansas.[1]

2    FAC ¶ 17. Third, the First Amended Complaint amended Plaintiffs' PAGA claim such that

3    Plaintiffs now would seek PAGA penalties on behalf of other "Aggrieved Employees" only with

4    respect to Plaintiffs' putative class claim under § 226.[2] *Id.* ¶ 53. Concurrent with Plaintiffs'

5    Motion to Amend, Plaintiffs also filed three supporting declarations. ECF Nos. 25-1, 25-2 & 25-3.

6        On December 19, 2014, Defendant filed an opposition to Plaintiffs' Motion to Amend.

7    ECF No. 26 ("Opp'n"). On December 24, 2014, Plaintiffs filed a reply in support of the Motion to

8    Amend, with one supporting declaration. ECF Nos. 29 ("Reply") & 29-1.

9    **II.  LEGAL STANDARD**

10       **A.  Motion to Amend Under Rule 15(a)**

11       Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a

12   matter of course within 21 days of service of the pleading. Fed. R. Civ. P. 15(a)(1). After that

13   period, amendment is permitted only with the opposing party's written consent or leave of the

14   court. *Id.* at 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so

15   requires." *Id.* This rule is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon,*

16   *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Courts commonly consider four factors when

17   determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue

18   delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v.*

19   *Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d

20

21   _____

     [1] *Bank of America Wage and Hour Employment Practices Litigation*, Case No. 10-MD-02138, is a
22   multidistrict litigation action that was consolidated in U.S. District Court for the District of Kansas
     on April 16, 2010. Case No. 10-MD-02138 ECF ("MDL ECF") No. 1. The gravamen of that
23   lawsuit was that Bank of America failed to pay employees in retail branches and call centers owed
     wages and overtime. MDL ECF No. 42, ¶ 4. The Consolidated Complaint alleged that Bank of
24   America committed violations of the Fair Labor Standards Act and various provisions of
     California and Washington law, including California Labor Code § 226. *Id.* ¶¶ 88-186. The
25   Consolidated Complaint also sought penalties under PAGA for the alleged violations of, among
     other statutes, Labor Code § 226. *Id.* ¶ 119. Judge Lungstrum granted final approval to settlement
26   of the multidistrict litigation on December 18, 2013. MDL ECF No. 653.
     [2] According to the proposed First Amended Complaint, Plaintiffs would seek PAGA penalties "in
27   their individual capacities" for Defendant's alleged violations of Labor Code §§201, 203, 510, and
     226.7. FAC ¶ 51. These PAGA penalties are not at issue in Defendant's Motion to Dismiss.

28
                                              4

980, 986 (9th Cir.1999). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### B. Motion to Dismiss Under Rule 12(b)(6) or to Strike Under Rule 12(f)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint or claim may be dismissed due to lack of a cognizable legal theory, or insufficient facts to support a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008).

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Rule 12(f) motion to strike serves to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving

*United States District Court*
*Northern District of California*

1  party." *Id.*

2  **III. ANALYSIS**

3  As previously discussed, there are two motions before the Court. In Defendant's Motion to

4  Dismiss, Defendant moves to dismiss Plaintiffs' PAGA claim on the grounds that, in essence,

5  Plaintiffs have not pled their representative PAGA claim on behalf of other aggrieved employees

6  as a class claim. *See* Mot. Dismiss at 1. Plaintiffs have filed a concurrent Motion to Amend, in

7  which Plaintiffs seek to amend their Complaint to convert their PAGA claim on behalf of other

8  aggrieved employees into a class claim. *See* FAC ¶ 53. Accordingly, if Plaintiffs prevail on their

9  Motion to Amend, it would moot Defendant's Motion to Dismiss. Thus, the Court will address

10  Plaintiffs' Motion to Amend first.

11  **A.  Plaintiffs' Motion to Amend**

12  Defendant opposes Plaintiffs' Motion to Amend on three of the four *Foman* factors: that

13  Plaintiffs are seeking to amend the Complaint in bad faith; that Plaintiffs have unduly delayed in

14  seeking leave to amend; and that Plaintiffs' proposed amendments would be futile. *See* Opp'n at

15  4-6. The Court will address each argument in turn. In addition, the Court will discuss whether

16  amendment will prejudice Defendant. *See Foman*, 371 U.S. at 182 (in considering whether to

17  grant leave to amend, a district court should consider, *inter alia*, prejudice to the opposing party).

18  **1. Prejudice to the Opposing Party**

19  The Court first considers whether granting Plaintiffs leave to amend would prejudice

20  Defendant, as prejudice to the opposing party carries the "greatest weight" in the leave to amend

21  inquiry. *Eminence Capital*, 316 F.3d at 1052. Prejudice has been found where the "parties have

22  engaged in voluminous and protracted discovery" prior to amendment, or where "[e]xpense, delay,

23  and wear and tear on individuals and companies" is shown. *Kaplan v. Rose*, 49 F.3d 1363, 1370

24  (9th Cir. 1994); *see also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387-88 (9th Cir. 1990)

25  (prejudice exists where permitting plaintiff to file an amended complaint will lead to "the

26  nullification of prior discovery," increase 'the burden of necessary future discovery," and the

27

28

6

United States District Court
Northern District of California

1    "relitigation of a [previously-decided] suit").

2         Here, Defendant does not argue that granting Plaintiffs leave to amend would prejudice

3    Defendant. *See generally* Opp'n; *see also DCD Programs*, 833 F.2d at 187 ("The party opposing

4    amendment bears the burden of showing prejudice."). Defendant also does not argue that

5    permitting amendment would increase the expense of litigation, or cause prejudicial delay.

6         Nor does the record in this case indicate that permitting amendment would prejudice

7    Defendant. At the time Plaintiffs filed the Motion to Amend, little to no discovery had yet

8    occurred. Mot. at 3 (stating that "neither party has propounded any discovery" and "neither party

9    has taken any depositions to date."). Therefore, this is not a case where the "parties have engaged

10   in voluminous and protracted discovery" prior to amendment. *Kaplan*, 49 F.3d at 1370. In fact, at

11   the initial case management conference, the parties agreed that they would proceed with discovery

12   as to Plaintiffs' individual claims only until the Court ruled on Defendants' Motion to Dismiss,

13   which was set for hearing concurrent with the instant Motion to Amend. Nov. 5, 2012 Hr'g Tr.,

14   ECF No. 22 ("Hr'g Tr."), 21:16-:24. The parties further agreed they would not commence

15   discovery with respect to "all of the Bank of America employees in California who potentially fall

16   within the scope of the Complaint" until "after the motion [to dismiss]" was decided. *Id.* at 21:12-

17   :24.

18        Accordingly, at the time of the initial case management conference, both parties

19   recognized that they might have to engage in discovery as to "all of the Bank of America

20   employees in California who potentially fall within the scope of the Complaint." *Id.* at 21:12-:14.

21   This is likely the same type of discovery that would be necessitated by amending Plaintiffs'

22   Complaint to add a putative class claim under Labor Code § 226 for all of Defendant's employees

23   in California. *See* FAC ¶ 17 (seeking to amend Complaint to add a putative class definition of,

24   *inter alia*, "current and former non-exempt California employees whose employment was

25   terminated (voluntarily or involuntarily) at any time from May 15, 2013, through the present").

26   Therefore, it is unlikely that amending the complaint will increase "the burden of necessary future

27

28

Case No.: 14-CV-02748-LHK
ORDER GRANTING MOTION TO AMEND, AND DENYING MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

1  discovery." *Jackson*, 902 F.2d at 1387. In addition, because the parties agreed to only conduct

2  discovery as to Plaintiffs' individual claims until the Court ruled on the pending Motion to

3  Dismiss, and because Plaintiffs' individual claims in the operative Complaint are the same as in

4  the proposed First Amended Complaint (except for converting Plaintiffs' individual § 226 claim

5  into a class claim), there is minimal risk that allowing Plaintiffs to add a single class allegation

6  would lead to "the nullification of prior discovery." *See id.*

7          Finally, Defendant does not argue that permitting amendment will delay litigation such that

8  Defendant would suffer prejudice. *See Kaplan*, 49 F.3d at 1370 (prejudice may exist where, *inter*

9  *alia*, amendment would cause delay). Indeed, when discussing the case schedule at the November

10  5, 2014 initial case management conference, Defendant raised the prospect that the case may

11  "proceed as some sort of representative action or *there's going to be a class certification motion*."

12  Hr'g Tr., at 19:10-:13 (emphasis added). Accordingly, Defendant appeared to anticipate the

13  possibility of addressing the issue of class certification at some point in the case, and could not

14  claim to face prejudicial delay now that that possibility has come to fruition. *Cf. Howard Rice*

15  *Nemerovski Canady Falk & Rabkin v. Total Tech., Inc.*, No. C 06-0426 CW, 2006 WL 2850047,

16  at *4 (N.D. Cal. Oct. 5, 2006) (court may deny motion to amend on grounds of prejudice where

17  "the party opposing the motion to amend has shown it is surprised by new allegations in the

18  amended pleading that will require more discovery or otherwise delay resolution of the case")

19  (citing *DCD Programs*, 833 F.2d at 186).

20          For the reasons stated above, the Court finds that granting Plaintiffs leave to amend would

21  not prejudice Defendant. Moreover, because Defendant makes no showing of prejudice, Defendant

22  must make a "strong showing" of "any of the remaining *Foman* factors" to overcome the

23  "*presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d

24  at 1052 (emphasis in original).

25                    **2. Bad Faith**

26          In deciding whether to grant a party leave to amend, the district court also considers

27

28

8

United States District Court
Northern District of California

whether the moving party acted in "bad faith." *Foman*, 371 U.S. at 182. Bad faith exists where, *inter alia*, the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999); *DCD Programs*, 833 F.2d at 187 (bad faith exists where party sought leave to amend "to destroy diversity and to destroy the jurisdiction of this court") (internal quotation marks omitted). Bad faith may also exist when a party repeatedly represents to the court that the party will not move to amend its complaint, and subsequently moves to amend once "the proverbial writing was on the wall" that the party will suffer an adverse judgment. *Trans Video Elec. Ltd. v. Sony Elec., Inc.*, 278 F.R.D. 505, 510 (N.D Cal. 2011) (finding bad faith when plaintiff "expressly reaffirmed to this Court on two separate occasions" that it was bringing one claim in patent infringement case, and only moved to amend to add additional claims when briefing on a motion for summary judgment was complete). A court may also find bad faith when the moving party has a "history of dilatory tactics." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001), *superseded by statute on other grounds as stated in Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014). To determine whether bad faith exists, the Court looks to the evidence in the record. *DCD Programs*, 833 F.2d at 187.

Here, Defendant argues Plaintiffs have acted in bad faith because Plaintiffs "had ample opportunity to raise [a class claim] previously, but inexplicably refused to do [so], despite the invitation to do so by both the Bank and the Court." Opp'n at 4. Defendant cites the transcript from the November 5, 2014 initial case management conference, at which the Court and the parties discussed the issue of whether Plaintiffs' representative PAGA claims could proceed without Plaintiffs' allegation that they could meet the requirements of Rule 23. *Id.* at 4-5. At the initial case management conference, the Court set a briefing schedule for Defendant's Motion to Dismiss to "tee up this issue of individual versus representative PAGA as quickly as possible." Hr'g Tr., at 15:19-:21. Also at the initial case management conference, Plaintiffs stated that they would oppose Defendant's Motion to Dismiss. *Id.* at 11:5-11:6. Defendant argues that Plaintiffs'

1   representation to the Court that Plaintiffs would oppose the Motion to Dismiss, and subsequent

2   filing of a Motion to Amend, reflects "gamesmanship" that is indicative of bad faith. Opp'n at 5.

3       In Plaintiffs' Reply, Plaintiffs deny that they acted in bad faith. Plaintiffs state that within

4   one day of associating additional counsel, Plaintiffs' new counsel contacted Defendant to meet and

5   confer with Defendant regarding the filing of a proposed amended complaint. Reply at 4; *see also*

6   Hyun Decl. Ex. D (email sent November 25, 2014 to Defendant stating that two attorneys have

7   "associated into this case" and that Plaintiffs "plan to file an amended complaint to add class

8   allegations."). Plaintiffs also argue that they "are not seeking to cause delay or defeat the Court's

9   jurisdiction." Reply at 4.

10      The Court finds that the record in this case does not support the "strong showing" of bad

11  faith that would be required to deny Plaintiffs' Motion to Amend. *See Eminence Capital*, 316 F.3d

12  at 1052. As a preliminary matter, Plaintiffs' proposed amendment does not seek to add "new but

13  baseless legal theories." *Griggs*, 170 F.3d at 881. Indeed, Plaintiffs' amendment to convert

14  Plaintiffs' representative PAGA claim into a class claim is the same amendment Defendant argues

15  Plaintiffs must make to preserve Plaintiffs' PAGA claim. ECF No. 19, at 7 (Defendant's Motion

16  to Dismiss, arguing that "representative PAGA claims pursued in federal court *must* satisfy Rule

17  23's class action requirements in order to be pursued on behalf of non-joined 'aggrieved

18  employees.'") (emphasis in original). Nor do Plaintiffs have a "history of dilatory tactics" that

19  would support a finding of bad faith in this instance. *Thornton*, 261 F.3d at 799.

20      Defendant is correct that Plaintiffs filed the Motion to Amend only after Defendant filed

21  the Motion to Dismiss. However, Defendant cites no authority for the proposition that this alone is

22  an indication that Plaintiffs acted in bad faith. Indeed, where, as here, a plaintiff files a motion to

23  amend after a defendant files a motion to dismiss, courts will still grant the motion to amend

24  absent an independent showing by the defendant of at least one of the *Foman* factors. *See, e.g.*,

25  *Jones v. Jaffe*, No. 2:11-CV-2049 LKK DAD, 2013 WL 3894862, at *3 (E.D. Cal. July 26, 2013)

26  (granting motion to amend even though plaintiff filed the motion in response to defendant's

27

28

United States District Court
Northern District of California

10

Case No.: 14-CV-02748-LHK
ORDER GRANTING MOTION TO AMEND, AND DENYING MOTION TO DISMISS

United States District Court
Northern District of California

motion to dismiss, on the grounds that defendant did not show amendment would be futile, cause prejudice, was made in bad faith, or was the result of undue delay, and in light of the fact that leave to amend is "freely given"); *cf. Hitt v. Ariz. Beverage Co.*, No. 08cv809 WQH-POR, 2009 WL 4261192, at *6 (S.D. Cal. Nov. 24, 2009) (denying motion to amend filed in response to defendant's motion to dismiss, because granting amendment would moot "substantial discovery" that was already completed and thereby prejudice the defendant, and leave to amend was sought after the court-imposed deadline to amend pleadings or add parties). Accordingly, even though Plaintiffs here filed the Motion to Amend in response to Defendant's Motion to Dismiss, Defendant must still demonstrate an independent basis of bad faith.

Furthermore, Plaintiffs state that they decided to amend their Complaint within one day after associating in new counsel, Reply at 4, and therefore appear to argue that Plaintiffs' new counsel made the decision to file an amended complaint. Where, as here, a party offers an "explanation for . . . delay that is plausible," such an explanation may refute, *inter alia*, an allegation of bad faith. *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1198 (C.D. Cal. 2009); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (rejecting argument that party acted in bad faith because it failed "to offer a plausible explanation" for delay in seeking amendment).

Defendant also argues that because Plaintiffs "had ample opportunity" to previously raise a class claim, this alone is evidence that Plaintiffs engaged in "gamesmanship." Opp'n at 4-5. However, "[e]ven assuming the basis for Plaintiffs' amendment was known at the time of the initial complaint, that is not, by itself, objective evidence of bad faith or tactical gamesmanship." *Chang Bee Yang v. Sun Trust Mortgage, Inc.*, No. 1:10-CV-01541-AWI, 2011 WL 2433640, at *4 (E.D. Cal. June 14, 2011) (citing *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)). Moreover, Plaintiffs notified Defendant of their intention to file an amended complaint within three weeks of the initial case management conference in this matter. Hyun Decl. Ex. D. Plaintiffs subsequently filed the instant Motion to Amend on December 5,

11

2014, nearly one month before the January 1, 2015 deadline to amend the Complaint or add parties, *see* ECF No. 17, at 1. Plaintiffs therefore sought leave to amend relatively early in the case, within a month of the initial case management conference and before the deadline to amend pleadings.

The cases Defendant cites in support of its argument that Plaintiffs acted in bad faith are distinguishable. In *Koch v. Koch Industries*, the court found bad faith where the plaintiffs sought leave to add claims which would, *inter alia*, entitle plaintiffs "to discovery and [to] litigate issues which they settled and released" in a previous action. 127 F.R.D. 206, 212 (D. Kan. 1989). The *Koch* court also found that plaintiffs' amendment, which would add allegations of racketeering activity and fraud, essentially would have allowed plaintiffs "to file suit first and subsequently to search for a cause of action of fraud" in discovery, which the court found violated "[t]he spirit of the federal rules." *Id*. Defendant does not argue that the situation in *Koch* is the case here. In *Williams v. Savage*, the district court denied a motion to amend based in part on a finding of bad faith due to the fact that plaintiff had over a year from the filing of the complaint to seek leave to amend, and only sought leave to amend after the court granted defendants' motion to dismiss. 569 F. Supp. 2d 99, 107-08 (D.D.C. 2008). Here, in contrast, Plaintiffs sought leave to amend the Complaint within a month of the initial case management conference and nearly a month before the deadline to amend pleadings or add parties, and before the Court granted any dispositive motions.

For the reasons stated above, the Court finds that the record in this case does not support a strong showing that Plaintiffs sought leave to amend in bad faith.

### 3. Undue Delay

Undue delay is the next factor a court considers in deciding whether to grant leave to amend. *Foman*, 371 U.S. at 182. Here, Defendant argues that Plaintiffs unduly delayed in seeking amendment because Plaintiffs "have not claimed that any new facts have been uncovered since the filing of their complaint regarding the viability of Rule 23 class claims." Opp'n at 6. However,

12

while it is true that courts in some instances have found that a party unduly delayed where the party sought to amend a pleading with previously-known facts, these instances are generally coupled with either a substantial delay in seeking leave to amend, or the requisite showing of other *Foman* factors such as prejudice. *See, e.g.*, *Texaco Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (affirming denial of motion for leave to amend because of undue delay where, *inter alia*, moving party sought amendment "eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint," and "after discovery was over, just four and a half months before the trial date"); *Jordan v. Los Angeles County*, 669 F.2d 1311, 1324 (9th Cir. 1982) (affirming denial of motion for leave to amend because of undue delay where the proposed amendment "would have required [the defendant] to conduct extensive, costly discovery in order to respond to the amended complaint"), *vacated on other grounds*, 459 U.S. 810 (1982); *Kaplan*, 49 F.3d at 1370 (affirming denial of leave to amend because of undue delay where the moving party sought amendment after discovery was completed and trial was only two months away, thereby substantially prejudicing the defendant).

Here, even assuming that Plaintiffs' Motion to Amend seeks to add facts or claims about which Plaintiffs had previously known, Plaintiffs did not unduly delay in seeking amendment. Indeed, Plaintiffs notified Defendant of Plaintiffs' intention to file an amended Complaint within three weeks of the initial case management conference in this litigation. Hyun Decl. Ex. D. Moreover, Plaintiffs filed the instant Motion to Amend on December 5, 2014, nearly a month before the Court-imposed January 1, 2015 deadline to amend pleadings or add parties, *see* ECF No. 17. Furthermore, as previously discussed in Section III.A.1, *supra*, Defendant has not argued that Defendant will suffer prejudice if Plaintiffs are granted leave to amend. Accordingly, the Court finds that Plaintiffs have not unduly delayed in seeking amendment.

### 4. Futility of Amendment

Finally, a district court may deny a motion for leave to amend where amendment would be futile. *Foman*, 371 U.S. at 182. "[A] proposed amendment is futile only if no set of facts can be

13

1   proved under the amendment to the pleadings that would constitute a valid and sufficient claim or

2   defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Ninth Circuit has

3   alternatively stated that the test of whether amendment would be futile is "identical to the one used

4   when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.* (citing 3 J.

5   Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974)).

6         Here, Defendant argues that Plaintiffs' motion to amend is futile because Plaintiffs'

7   putative class is unascertainable. Opp'n at 6-7. Specifically, Defendant argues that Plaintiffs'

8   proposed class of former employees who received their final pay in the form of a cashier's check

9   "would require individual review of records for each terminated associate," and accordingly there

10  is no "systematic way" to identify class members. Opp'n at 7.

11        Defendant may ultimately prove to be correct on the merits of a class certification motion

12  that Plaintiffs' proposed class is unascertainable. However, the Ninth Circuit has cautioned against

13  dismissing a putative class action on the pleadings alone. *Vinole v. Countrywide Home Loans,*

14  *Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that

15  often the pleadings alone will not resolve the question of class certification . . . ."); *see also*

16  *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969) ("compliance with Rule 23 is not

17  to be tested by a motion to dismiss for failure to state a claim"). In addition, the inquiry at the

18  leave to amend stage is whether Plaintiffs can provide any set of facts "that would constitute a

19  valid and sufficient claim." *Miller*, 845 F.2d at 214. Here, Plaintiffs seek to certify a class for a

20  violation of Labor Code § 226 for Defendant's alleged "policy and practice" of failing to provide

21  putative class members with an itemized wage statement upon termination. FAC ¶ 30. Other

22  courts have certified a class under this same statute for a similar claim. *See, e.g.*, *Alonzo v.*

23  *Maximus, Inc.*, 275 F.R.D. 513, 521 (C.D. Cal. 2011) (certifying class under § 226 where plaintiffs

24  alleged that "[d]efendant had a policy that applied to all members of the putative class" of not

25  providing complaint wage statements upon termination); *Espinoza v. Domino's Pizza, LLC*, No.

26  EDCV 07-1601-VAP, 2009 WL 882845, at *15 (C.D. Cal. Feb. 18, 2009) (certifying class under

27

28

Case No.: 14-CV-02748-LHK
ORDER GRANTING MOTION TO AMEND, AND DENYING MOTION TO DISMISS

*United States District Court*
*Northern District of California*

§ 226 where plaintiff alleged that defendant had a "practice" of providing employees inaccurate or noncompliant wage statements); *see also McKenzie v. Fed. Ex. Corp.*, 275 F.R.D. 290, 299 (C.D. Cal. 2011) (granting motion to certify class under § 226 and rejecting defendant's argument that establishing a violation of § 226 "requires an individualized inquiry" as to each class member). Therefore, the Court cannot say at this stage of the proceedings that Plaintiffs' amendment would be futile.

Defendant also argues that amendment would be futile because Plaintiffs' proposed putative class period is improper. Opp'n at 7. Plaintiffs' proposed First Amended Complaint defines the putative class as Defendant's "current and former non-exempt California employees whose employment was terminated . . . at any time from May 15, 2013, through the present." FAC ¶ 17. Defendant argues that the May 15, 2013 start date for the putative class period is incorrect, because the statute of limitations for penalties under Labor Code § 226 is one year. Opp'n at 7 (citing *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM JCGX, 2012 WL 2373372, at *14 (C.D. Cal. June 22, 2012)). Therefore, Defendant argues that the putative class period should commence one year before the filing date of Plaintiffs' First Amended Complaint. Opp'n at 7-8. Plaintiffs dispute this. Plaintiffs argue that the statute of limitations for Plaintiffs' proposed class claim relates back to Plaintiffs' § 226 claim in the operative Complaint, pursuant to Federal Rule of Civil Procedure 15(c). Reply at 10-12. Because Plaintiffs' operative Complaint was filed on May 15, 2014, Plaintiffs argue that the putative class period begins one year prior to the date of the filing of the operative Complaint, or May 15, 2013. *Id.*

As a preliminary matter, the Court notes that this issue appears to be the primary sticking point between the parties in the Motion to Amend. According to meet-and-confer correspondence that pre-dates the filing of Plaintiffs' Motion to Amend, Defendant informed Plaintiffs that Defendant would stipulate to Plaintiffs' filing of the First Amended Complaint if Plaintiffs would commence the class period one year prior to the filing of the First Amended Complaint. Exhibit A to the Supplemental Declaration of Larry Lee in Support of Motion to Amend, ECF No. 29-1, at 1.

Case No.: 14-CV-02748-LHK
ORDER GRANTING MOTION TO AMEND, AND DENYING MOTION TO DISMISS

1     Indeed, in Defendant's opposition to the Motion to Amend, Defendant requests that, if the Court

2     grants the Motion to Amend, the Court condition amendment on Plaintiffs adjusting the putative

3     class period to commence "one year from when the amended complaint is filed." Opp'n at 8.

4          The Court now turns to the question of whether Plaintiffs' putative class claim relates back

5     to Plaintiffs' § 226 claim in the operative Complaint. Under Rule 15(c), an "amendment to a

6     pleading relates back to the date of the original pleading when," *inter alia*, "the amendment asserts

7     a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted

8     to be set out—in the original complaint." Fed. R. Civ. P. 15(c)(1)(B). An amendment asserts a

9     claim that arises out of the same "conduct, transaction, or occurrence" as the original complaint

10    where "the claim to be added will likely be proved by the same kind of evidence offered in support

11    of the original pleading." *In re Dominguez*, 51 F.3d 1502, 1510 (9th Cir. 1995) (internal quotation

12    marks and citation omitted). A claim may be proven by the "same kind of evidence" when it

13    would be proven by, *inter alia*, the same type of documentation. *See Rural Fire Prot. Co. v. Hepp*,

14    366 F.2d 355, 362 (9th Cir. 1966) (claim related back where it would be proven by "appellant's

15    time records," which was "the same kind of evidence" that would be used to prove the claim in the

16    original pleading). However, where a party has "to include additional facts" in the party's pleading

17    "to support the [added] claim," relation back is generally improper. *Williams v. Boeing Co.*, 517

18    F.3d 1120, 1133 (9th Cir. 2008). "[C]ourts should apply the relation back doctrine of Rule 15(c)

19    liberally." *E.W. French & Sons, Inc. v. Gen. Portland Inc.*, 885 F.2d 1392, 1396 (9th Cir. 1989).

20         The Court finds that Plaintiffs' § 226 claim in the proposed First Amended Complaint does

21    not arise from the same "conduct, transaction, or occurrence" such that relation back would be

22    proper. *See* Fed. R. Civ. P. 15(c). Plaintiffs operative Complaint alleges a violation of § 226 with

23    respect to Plaintiffs Naranjo and Jayme only due to Defendant's alleged failure to provide

24    Plaintiffs with itemized wage statements upon termination. Compl. ¶¶ 6-7. Therefore, the relevant

25    evidence would likely consist of Naranjo and Jayme's final paychecks, and any documentation as

26    to whether Defendant provided either Naranjo or Jayme with any other documents upon their

United States District Court
Northern District of California

16

respective terminations. In contrast, Plaintiffs' proposed First Amended Complaint alleges for the first time that Defendant "had a *corporate policy and practice* to issue cashier's checks to Plaintiffs and the Class in connection with the payment of final wages upon the termination of employment . . . without providing the requisite itemized wage statement." FAC ¶ 30 (emphasis added); *see also id.* (alleging that Defendant "as a matter of policy and practice, did not provide records in violation of Labor Code § 226 to employees upon termination."). Proving this claim would require discovery of, among other things, documents regarding whether Defendant in fact had such a policy and practice. Therefore, proof of Plaintiffs' class claim would demand a different type of documentation than would be required to prove Plaintiffs' currently-asserted individual claim. *See Hepp*, 366 F.2d at 362 (claim related back where it would be proven by the same type of documentation, specifically appellant's time records, as would be required to prove the claim in the original pleading). Moreover, to support Plaintiffs' newly-added class claim, Plaintiffs had to add new factual allegations to the First Amended Complaint. *See, e.g.*, FAC ¶ 26 (alleging in support of Plaintiffs' putative class claim that Defendant had a "pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein"). Where, as here, a party must add new facts to the pleading to support a newly-added claim, this weighs against finding that the newly-added claim relates back to the original pleading. *Williams*, 517 F.3d at 1133.

In short, the increased scope and breadth of Plaintiffs' § 226 claim in the proposed First Amended Complaint would require proof through a different kind of evidence than would be offered in support of Naranjo's and Jayme's individual § 226 claims in the operative Complaint. Accordingly, relation back under Rule 15(c) would be improper. *In re Dominguez*, 51 F.3d at 1510 (holding that under Rule 15(c), relation back applies if "the claim to be added will likely be proved by the same kind of evidence offered in support of the original pleading.") (internal quotation marks and citation omitted).

Therefore, the Court agrees with Defendant that Plaintiffs' proposed putative class period

17

Case No.: 14-CV-02748-LHK
ORDER GRANTING MOTION TO AMEND, AND DENYING MOTION TO DISMISS

United States District Court
Northern District of California

1   is incorrect. However, the Court does not find that this necessarily renders Plaintiffs' proposed

2   amendment futile. Futility of amendment exists "only if no set of facts can be proved under the

3   amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*,

4   845 F.2d at 214. Here, on its face there is no substantive defect with Plaintiffs' proposed

5   amendment. Rather, Plaintiffs' putative class period commences on the wrong date. Indeed, as

6   Defendant notes and requests that the Court order, Plaintiffs can cure this defect by simply

7   changing the putative class period. *See* Opp'n at 8. Moreover, when a court grants a motion for

8   leave to amend a pleading, "[t]he district court may, in its discretion, impose 'reasonable

9   conditions' on a grant of leave to amend." *Int'l Ass'n of Machinists & Aerospace Workers v.*

10  *Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985); *see also Jacques v. Bank of Am. Corp.*,

11  No. 1:12-CV-00821-SAB, 2013 WL 3199027, at *8, 10 (E.D. Cal. June 21, 2013) (granting

12  plaintiff leave to amend complaint on the condition that plaintiff could not add a certain party as a

13  defendant).

14          Accordingly, the Court GRANTS Plaintiffs' Motion to Amend, subject to two conditions.

15  First, Plaintiffs must change the putative class period to commence one year prior to the date of

16  the filing of the First Amended Complaint. Second, at the February 26, 2015 case management

17  conference, the Defendant objected to the First Amended Complaint on the grounds that the term

18  "Aggrieved Employees" in Plaintiffs' PAGA claim was not defined, and therefore Defendant did

19  not have adequate notice of Plaintiffs' claim. In response, Plaintiffs at the case management

20  conference agreed to add a definition of "Aggrieved Employees." Therefore, Plaintiffs may file

21  the First Amended Complaint on the additional condition that Plaintiffs define the term

22  "Aggrieved Employees."

23      **B.  Defendant's Motion to Dismiss**

24          The Court now turns to Defendant's Motion to Dismiss. ECF No. 19. At the February 26,

25  2015 case management conference, Defendant stated that if the Court granted Plaintiffs' Motion to

26  Amend, Defendant would withdraw the Motion to Dismiss without prejudice. Therefore, because

27

28

18

Case No.: 14-CV-02748-LHK
ORDER GRANTING MOTION TO AMEND, AND DENYING MOTION TO DISMISS

the Court has granted Plaintiffs' Motion to Amend, Defendant's Motion to Dismiss is DENIED without prejudice.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Amend is GRANTED with the following conditions: (1) Plaintiffs amend the putative class period to commence one year prior to the date of the filing of the First Amended Complaint; and (2) Plaintiffs define the term "Aggrieved Employees" in Plaintiffs' PAGA claim. Should Plaintiffs choose to file an amended Complaint, Plaintiffs must do so within 7 days. Defendant's Motion to Dismiss is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: February 27, 2015

_____

LUCY H. KOH
United States District Judge