1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

8
9
10
11
12
13
14
15
16
17

United States District Court
Northern District of California

| | |
|---|---|
| MICHELLE NARANJO, et al.,<br><br>       Plaintiffs,<br><br>  v.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION,<br><br>       Defendant. | Case No.14-CV-02748-LHK<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE**<br><br>Re: Dkt. No. 40 |

18
19
20
21
22
23
24
25
26
27
28

Plaintiffs Michelle Naranjo and Mathan Jayme (collectively, "Plaintiffs") bring this lawsuit against Defendant Bank of America National Association ("Defendant") alleging various violations of the California Labor Code on behalf of themselves as well as a putative class. ECF No. 38 ("First Am. Compl." or "FAC") ¶¶ 1-53. Before the Court is Defendant's motion to dismiss or, in the alternative, to strike class and representative claims brought under California Labor Code §§ 206 and 2698 *et seq.*, the Private Attorneys General Act of 2004 ("PAGA"). ECF No. 40 ("Motion"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing on this Motion currently scheduled for July 23, 2015, at 1:30 p.m. The Court also CONTINUES the case management conference, currently scheduled for July 23, 2015, at 1:30 p.m., to October 28, 2015, at 2 p.m.

1

Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Defendant's motion to dismiss and GRANTS the motion to strike with leave to amend, for the reasons stated below.

## I.   BACKGROUND

### A.   Factual Background

Plaintiffs are former employees of Defendant, and were employed in San Jose, California. FAC ¶ 7. Michelle Naranjo ("Naranjo") was terminated by Defendant on December 30, 2013. *Id*. Mathan Jayme ("Jayme") was terminated by Defendant on March 10, 2014. *Id*. Plaintiffs allege that upon termination, Defendant paid Plaintiffs and members of a putative class, consisting of Defendant's former employees in California, with cashier's checks, but failed to furnish Plaintiffs or class members with pay statements as required by California law. *Id*. ¶ 30. Plaintiffs also allege on an individual basis that Defendant failed to pay Plaintiffs for time worked during Plaintiffs' final pay periods. *Id*. ¶¶ 32-35. In addition, Naranjo individually alleges that Defendant failed to pay her for overtime, and that Defendant systematically failed to allow Naranjo to take legally-mandated rest periods during her employment. *Id*. ¶¶ 36-48.

### B.   Procedural Background

The procedural background to this action is of particular relevance to the instant Motion, and therefore the Court describes it in some detail.

#### 1.   Filing of the original Complaint, the initial case management conference, and association of new Plaintiffs' counsel

On May 14, 2014, Plaintiffs filed the original Complaint in this action in California Superior Court for the County of Santa Clara. ECF No. 1-1 ("Compl."). In the original Complaint, Plaintiffs alleged no class claims. Rather, Plaintiffs alleged various violations of the California Labor Code on an individual basis. Compl. ¶¶ 1-12. Plaintiffs also sought damages under PAGA "on behalf of themselves and other current and former employees of Defendant affected by the labor law violations alleged in this complaint." *Id*. ¶ 29. On June 13, 2014, Defendant removed this lawsuit to the U.S. District Court on the basis of diversity jurisdiction. ECF No. 1, at 4, 13.

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

On November 5, 2014, the Court held an initial case management conference. ECF No. 18. At the initial case management conference, the Court asked why the instant lawsuit was not being pursued as a Rule 23 class action. Plaintiffs' counsel William Marder ("Mr. Marder") responded: "That was a choice that I made . . . I thought PAGA was the best way to go." ECF No. 22 ("Nov. 5, 2014 Hr'g Tr."), at 2:17-22. Also at the initial case management conference, Defendant argued that Plaintiffs' PAGA claim was procedurally improper because, in order to represent other aggrieved employees, Plaintiffs would have to allege that Plaintiffs could certify a class pursuant to Federal Rule of Civil Procedure 23. *Id*. at 7:18-8:1. According to Defendant, unless Plaintiffs could certify a putative class action, Plaintiffs lacked the requisite standing to pursue a PAGA claim on behalf of other aggrieved employees. *Id*. Mr. Marder disputed that Plaintiffs needed to allege a Rule 23 putative class claim in order to bring a representative PAGA claim, and further stated that if Defendant moved to dismiss Plaintiffs' representative PAGA claim, Plaintiffs would oppose such motion. *Id*. at 11:2-6. At the conclusion of the initial case management conference, the Court and the parties set a briefing schedule and a hearing date to decide the issue of whether Plaintiffs could bring a representative PAGA action without also bringing a Rule 23 putative class claim. *Id*. at 16:16-20:9. Based on Mr. Marder's representation that the instant litigation would not proceed as a Rule 23 class action, the Court set a case schedule that did not include a motion for class certification. *See id*.

On November 19, 2014, Defendant filed a motion to dismiss and to strike Plaintiffs' PAGA claim. ECF No. 19. As Defendant had argued at the November 5, 2014 initial case management conference, Defendant contended that unless Plaintiffs alleged that they could meet the requirements of class certification pursuant to Rule 23, Plaintiffs lacked standing to seek PAGA penalties on behalf of other aggrieved employees. *Id*. at 1.

On November 24, 2014, Plaintiffs associated Larry Lee of Diversity Law Group, and Dennis Hyun ("Mr. Hyun") of Hyun Legal, as counsel, in addition to Mr. Marder. ECF No. 20.

**2.  Plaintiffs' motion for leave to file the proposed First Amended Complaint**

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

United States District Court
Northern District of California

On December 5, 2014, Plaintiffs filed a motion for leave to file a proposed First Amended Complaint. ECF No. 25. The proposed First Amended Complaint made three substantive changes to Plaintiffs' allegations in the original state court Complaint. First, the proposed First Amended Complaint converted one of Plaintiffs' allegations—that Defendant failed to provide wage statements to terminated employees in violation of Labor Code § 226—into a class claim. FAC ¶ 30. Second, Plaintiffs sought, pursuant to Rule 23, to represent a class of individuals with respect to Plaintiffs' § 226 claim. *Id.* ¶ 17. The proposed First Amended Complaint defined the putative class as:

> All current and former non-exempt California employees whose employment was terminated (voluntarily or involuntarily) at any time from May 15, 2013, through the present, who received their final pay in the form of cashier's check, and who did not opt-in to the Fair Labor Standards Act (the "FLSA") settlement in the case entitled, *Bank of America Wage and Hour Employment Practices Litigation*, Case No. 10-md-2138, pending in the United States District Court of Kansas.[1]

*Id.* Third, the proposed First Amended Complaint amended Plaintiffs' PAGA claim such that Plaintiffs now would seek PAGA penalties on behalf of other "Aggrieved Employees" only with respect to Plaintiffs' putative class claim under § 226. *Id.* ¶ 53.

After Plaintiffs filed the motion for leave to file the proposed First Amended Complaint, Defendant's counsel in a December 15, 2013 meet-and-confer email offered to stipulate to the filing of the proposed First Amended Complaint, if Plaintiffs revised the putative class period. *See* Exhibit 2 to the Declaration of Michael Mandel in Support of Motion, ECF No. 40. According to Defendant, because the statute of limitations for Plaintiffs' putative class claim was one year, the

---

[1] *Bank of America Wage and Hour Employment Practices Litigation*, Case No. 10-MD-02138, is a multidistrict litigation action that was consolidated in U.S. District Court for the District of Kansas on April 16, 2010. Case No. 10-MD-02138 ECF ("MDL ECF") Dkt. No. 1. The gravamen of that lawsuit was that Defendant failed to pay employees in retail branches and call centers overtime and all wages. MDL ECF No. 42, ¶ 4. The Consolidated Complaint alleged that Defendant committed violations of the Fair Labor Standards Act and various provisions of California and Washington law, including California Labor Code § 226. *Id.* ¶¶ 88-186. The Consolidated Complaint also sought penalties under PAGA for the alleged violations of, among other statutes, Labor Code § 226. *Id.* ¶ 119. Judge Lungstrum granted final approval of the settlement of the multidistrict litigation on December 18, 2013. MDL ECF No. 653.

4

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

United States District Court
Northern District of California

putative class period should have commenced one year from the filing of the proposed First Amended Complaint. *Id.* However, Defendant's counsel offered to stipulate to the putative class period commencing on December 1, 2013. *Id.* Plaintiffs' counsel rejected the stipulation, stating "we will just proceed and have the Court decide the issue." *Id.* Ex. 3.

On December 19, 2014, Defendant opposed Plaintiffs' motion for leave to file the proposed First Amended Complaint. ECF No. 26. Among the arguments Defendant raised in its opposition was that the commencement date of the proposed putative class period—May 15, 2013, or one year from the date that Plaintiffs filed the original Complaint in state court—was incorrect. *Id*. at 7. Defendant argued that because the statute of limitations on Plaintiffs' putative class claim was one year, the putative class claim should commence one year from the filing of the proposed First Amended Complaint. *Id*. at 7-8. Plaintiffs, in their reply in support of the motion to amend, disputed this and argued that the putative class claim related back to the original state court Complaint pursuant to Federal Rule of Civil Procedure 15(c).[2] ECF No. 29, at 10-12.

### 3.  The February 26, 2015 case management conference

On February 25, 2015, the Court vacated the hearings for Defendant's motion to dismiss and Plaintiffs' motion to amend. ECF No. 31. On February 26, 2015, the Court held a case management conference. ECF No. 34. At the case management conference, the Court stated that it intended to grant Plaintiffs' motion to amend, but that leave to amend would be conditioned on two changes to the proposed First Amended Complaint. First, the Court stated that it did not find that Plaintiffs' putative class claim related back to the filing of Plaintiffs' original state court Complaint pursuant to Rule 15(c). Feb. 26, 2015 Tr. 16:25-17:3. Accordingly, the Court ordered that the putative class period in the First Amended Complaint commence one year from the day of the filing of the proposed First Amended Complaint. *Id*. The Court reiterated this condition regarding the class period multiple times during the hearing, including the following exchange

---

[2] Federal Rule of Civil Procedure 15(c) provides in relevant part that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

United States District Court
Northern District of California

1   with Mr. Hyun, Plaintiffs' counsel:

2         THE COURT: If I grant you leave to amend, but it is conditioned on the following,
          number one, that you can only seek a Rule 23 class from one year prior to your
3         filing of the [proposed] First Amended Complaint, would you still then be
          interested in pursuing this case, or not?
4

5         MR. HYUN: Your Honor, we would still . . . we would still pursue it.

6   Feb. 26, 2015 Hr'g Tr. at 22:12-19.

7         Second, after the Court noted at the case management conference that Plaintiffs did not

8   define the term "Aggrieved Employees" in Plaintiffs' representative PAGA claim, Defendant's

9   counsel, John Van Hook ("Mr. Van Hook") of McGuire Woods, requested that the Court order

10  Plaintiffs to define the term. Specifically, Mr. Van Hook stated "as a matter of due process, that

11  Defendant would need to be apprised of who it is that's being sought to [be] represent[ed] in this

12  action." *Id*. at 20:19-21. Plaintiffs' counsel Mr. Hyun responded several times at the case

13  management conference that "Aggrieved Employees" as the term was used in the proposed First

14  Amended Complaint would be essentially the same as the putative class definition. For instance,

15  Mr. Hyun stated in regards to the term "Aggrieved Employees": "If the Court would like

16  clarification as to the definition, I—I mean, it would be a similar definition as the class definition."

17  *Id*. at 20:4-6. Mr. Hyun repeated this position in the following exchange with Mr. Van Hook,

18  Defendant's counsel:

19        MR. VAN HOOK: "But at least if they were to define who it is in a similar manner
          that they did in [Paragraph] 17(A) [the class definition], I think that would help us
20        to . . . ."

21        MR. HYUN: "Your Honor, we have no problem with that."
22

23  *Id*. at 22:5-10.

24        Mr. Hyun also indicated that the only difference between the putative class definition and

25  the definition of "Aggrieved Employees" in the PAGA claim would be the time period at which

26  the PAGA claim began to toll:

27        MR. HYUN: It would be a different period of time. It would be from the date of the

28
    6
    Case No.14-CV-02748-LHK
    ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

United States District Court
Northern District of California

PAGA letter. But it would be a similar—employees who received a cashier's check as their final pay.

*Id*. at 21:22-25. Accordingly, the Court at the case management conference stated that leave to amend would be granted on the further condition that Plaintiffs define the term "Aggrieved Employees" in the proposed First Amended Complaint. *Id*. at 23:20-25.

Finally, Defendant's counsel Mr. Van Hook stated at the case management conference that if the Court granted Plaintiffs' motion to amend, Defendant would withdraw its motion to dismiss. *Id*. at 17:4-10.

On February 27, 2015, the Court issued its Order granting Plaintiffs' motion to amend. ECF No. 36 ("Order"). However, the Court found that Plaintiffs' putative class claim did not relate back to the filing of Plaintiffs' original state court Complaint, as the putative class claim did not arise from the same conduct, transaction, or occurrence such that relation back under Rule 15(c) would be proper. *Id*. at 16. The Court therefore granted leave to amend subject to two conditions: (1) that Plaintiffs "change the putative class period to commence one year prior to the date of the filing of the First Amended Complaint," and (2) pursuant to the Court's discussion with the parties at the February 26, 2015 case management conference, "that Plaintiffs define the term 'Aggrieved Employees.'" *Id*. at 18. The Court did not otherwise grant Plaintiffs leave to alter the proposed First Amended Complaint. *See id.* The Court also denied Defendant's motion to dismiss without prejudice. *Id*. at 19.

### 4.  Plaintiffs' file the First Amended Complaint

On March 6, 2015, Plaintiffs timely filed the First Amended Complaint. *See* FAC. The First Amended Complaint contained three substantive changes compared to Plaintiffs' proposed First Amended Complaint, changes that are at issue in the instant Motion. First, the First Amended Complaint defined the putative class period as commencing on December 1, 2013, approximately one year and three months before the date of the filing of the First Amended Complaint. *Id*. ¶ 17. Second, even though the First Amended Complaint defined the putative class as "[a]ll current and former *non-exempt* California employees," the First Amended Complaint defined the term "Aggrieved Employees" as "[a]ll current and former California employees." *Id*. ¶¶ 17, 50

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

United States District Court
Northern District of California

(emphasis added). Third, the First Amended Complaint provided the following definition of

"Aggrieved Employees":

> a. All current and former California employees whose employment was terminated (voluntarily or involuntarily) at any time from April 1, 2013, through the present, who received their final pay in the form of cashier's check; and

> b. Alternatively, all current and former California employees whose employment was terminated (voluntarily or involuntarily) at any time from April 1, 2013, through the present, who received their final pay in the form of cashier's check, and whose termination date post-dates the release period of the FLSA settlement in the case entitled, *Bank of America Wage and Hour Employment Practices Litigation*, Case No. 10-md-2138, pending in the United States District Court of Kansas.

*Id*. ¶ 50.

In a March 14, 2015 meet-and-confer email, Defendant's counsel alerted Plaintiffs' counsel to alleged deficiencies in the First Amended Complaint. Exhibit 4 to the Declaration of Michael Mandel in Support of Motion. In that email, Defendant's counsel stated (1) the putative class period in the First Amended Complaint violated the Court's Order; (2) Plaintiffs' definitions of "Aggrieved Employees" impermissibly included "exempt employees"; and (3) Plaintiffs' alternative definitions of "Aggrieved Employees" were not intelligible. *Id*. Defendant also stated, "We hope these issues can be resolved without further motion practice." *Id*. Plaintiffs' counsel, in a March 17, 2015 response, stated that the putative class period "was properly pled in accordance with [the Court's] Order" because it ran from the date "Defendant was on notice of our intention to file the First Amended Complaint." *Id*. Ex. 5.  Plaintiffs declined to revise the First Amended Complaint. *Id*.

### 5.  The instant motion to dismiss or to strike

On March 23, 2015, Defendant filed the instant Motion. ECF No. 40. In the Motion, Defendant moved pursuant to Federal Rule of Civil Procedure 41(b) to dismiss the First Amended Complaint in its entirety for failure to obey a court order. Defendant argued that Plaintiffs failed to comply with the Court's February 27, 2015 Order in two respects. First, Defendant contended that although Plaintiffs filed the First Amended Complaint on March 6, 2015, the putative class period in Plaintiffs' First Amended Complaint improperly commenced on December 1, 2013,

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

United States District Court
Northern District of California

United States District Court
Northern District of California

1    approximately one year and three months before the filing of the First Amended Complaint. *Id*. at

2    6-7. Defendant argued that this violated the Court-imposed condition that the putative class period

3    commence one year from the filing of the First Amended Complaint (or March 6, 2014). *Id*.

4           Second, Defendant stated that Plaintiffs' Definition of "Aggrieved Employees" improperly

5    expanded the definition of "Aggrieved Employees" to include "both *exempt and non-exempt*

6    *employees*, rather than just non-exempt employees." *Id*. at 7 (emphasis in original). Defendant

7    argued that this definition contradicted representations by Plaintiffs' counsel at the February 26,

8    2015 case management conference that the definition of "Aggrieved Employees" would be

9    "defined 'in a similar manner' to the putative Rule 23 class, except for slightly different time

10   periods." *Id*. at 8 (quoting Feb. 26, 2015 Hr'g Tr., at 18:17-22:10). Relatedly, Defendant also

11   argued that Plaintiffs' two alternative definitions of the term "Aggrieved Employees" did not

12   "provid[e] fair notice to the [Defendant] of the claims against it." *Id*. at 7. Specifically, Defendant

13   argued that the alternative definitions of "Aggrieved Employees" left "the [Defendant] (and the

14   Court) unable to determine which definition Plaintiffs actually intends to pursue." *Id.* at 1.

15          Finally, Defendant also moved, in the alternative to its Rule 41(b) motion to dismiss, to

16   strike all of Plaintiffs' class and representative PAGA allegations with prejudice pursuant to Rule

17   12(f). *Id*. at 14-15. In conjunction with the Motion, Defendant filed a supporting declaration with

18   five exhibits. *See id*. at 16.

19          On April 6, 2015, Plaintiffs timely filed an opposition. ECF No. 45 ("Opp'n"). Plaintiffs

20   also filed a supporting declaration with one exhibit. ECF No. 45-1. On April 13, 2015, Defendant

21   timely filed a reply. ECF No. 46 ("Reply").

22          **6.   Plaintiffs' petition for writ of mandamus to the Ninth Circuit**

23          On March 31, 2015, while briefing regarding Defendant's Motion was ongoing, Plaintiffs

24   filed a petition for writ of mandamus to the Ninth Circuit Court of Appeals. ECF No. 44

25   ("Petition"). In the Petition, Plaintiffs argued that the Court improperly denied Plaintiffs' attempt

26   to relate the putative class period in the First Amended Complaint back to the date of the filing of

27   Plaintiff's original state court Complaint. *Id*. at 1. Also in the Petition, Plaintiffs conceded that the

28

9

1  Court's February 27, 2015 Order required Plaintiffs to commence the putative class period "from

2  one year from the filing of the revised amended claims, not from the date Petitioners originally put

3  Defendant on notice of the claim." *Id.* at 4-5. Plaintiffs also acknowledged to the Ninth Circuit that

4  the Court's February 27, 2015 Order required Plaintiffs to commence the putative class period

5  "one year from the filing of the revised amended complaint (*i.e.*, after February 27, 2015), and not

6  one year from the filing of Petitioner's Motion for Leave to Amend." *Id.* at 13. On June 8, 2015,

7  the Ninth Circuit denied Plaintiffs' Petition. ECF No. 47.

8  **II.  LEGAL STANDARD**

9     **A.  Rule 41(b) Motion to Dismiss**

10          Under Rule 41(b), "[i]f the plaintiff fails to . . . comply with . . . a court order, a defendant

11  may move to dismiss the action or any claim against it." Fed R. Civ. P. 41(b). This right of

12  dismissal is at the discretion of the district court. *See Henderson v. Duncan*, 779 F.2d 1421, 1423

13  (9th Cir. 1986) (citation omitted). Before dismissing a plaintiff's case, a court must "weigh several

14  factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

15  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

16  disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v.*

17  *Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quotation and quotation marks omitted). "Dismissal is a

18  harsh penalty and is to be imposed only in extreme circumstances." *Henderson*, 779 F.2d at 1423

19  (citing *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981)).

20     **B.  Rule 12(f) Motion to Strike**

21          Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an

22  insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule

23  12(f) motion to strike serves to "avoid the expenditure of time and money that must arise from

24  litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H.*

25  *Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored and

26  "should not be granted unless the matter to be stricken clearly could have no possible bearing on

27  the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057

28

United States District Court
Northern District of California

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

1    (N.D. Cal. 2004) (citations omitted). "With a motion to strike . . . the court should view the

2    pleading in the light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a

3    motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York*

4    *Mellon*, No. 12-CV-00846-LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012).

5          If a court grants a motion to strike, the court must then decide whether to grant leave to

6    amend. *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170

7    (N.D. Cal. 2010). The Court should "freely give" leave to amend when justice so requires. Fed. R.

8    Civ. P. 15(a)(2). In general, courts will deny leave to amend if it is clear that a claim's or

9    pleading's deficiencies cannot be cured by amendment, *see DeSoto v. Yellow Freight Sys., Inc.*,

10   957 F.2d 655, 658 (9th Cir. 1992), or amendment will cause prejudice to the opposing party,

11   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

12   **III. DISCUSSION**

13         The Court will first address Defendant's Rule 41(b) motion to dismiss the First Amended

14   Complaint in its entirety. The Court will then address Defendant's motion in the alternative to

15   strike portions of the First Amended Complaint.[3]

16      **A. Motion to Dismiss**

17         **1.  Whether the First Amended Complaint violates the February 27, 2015 Order**

18         As previously discussed, Defendant in its Motion argued that Plaintiffs failed to follow the

19   Court's February 27, 2015 Order because Plaintiffs (1) improperly extended the class period; and

20   (2) defined "Aggrieved Employees" to include all of Defendant's employees in California, instead

21

22   _____

23   [3] In conjunction with the Motion, Defendant requested judicial notice of the transcripts of the case
     management conferences on November 5, 2014 and February 26, 2015. Mot. at vi. In conjunction
24   with their Opposition, Plaintiffs requested judicial notice of an order of the Superior Court for the
     County of Los Angeles certifying a class pursuant to Labor Code § 226(a). Opp'n at 10. In
25   general, a court may take judicial notice of matters that are either "generally known within the trial
     court's territorial jurisdiction" or "can be accurately and readily determined from sources whose
26   accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Court orders and other court
     documents are proper subjects of judicial notice, *see United States v. Black*, 482 F.3d 1035, 1041
27   (9th Cir. 2007), as are records of court proceedings, *see Dawson v. Mahoney*, 451 F.3d 550, 551
     n.1 (9th Cir. 2006). Accordingly, the Court GRANTS Defendant's request for judicial notice, and
28   GRANTS Plaintiffs' request for judicial notice.

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

United States District Court
Northern District of California

1    of only non-exempt employees, and provided two alternative definitions of "Aggrieved

2    Employees." Mot. at 6-8. The Court will first discuss whether Plaintiffs did in fact violate the

3    February 27, 2015 Order.

4            a. *Plaintiffs' definition of the class period*

5            In the February 27, 2015 Order, the Court found that the putative class claim in Plaintiffs'

6    proposed First Amended Complaint did not relate back to Plaintiffs' original Complaint filed in

7    Santa Clara County Superior Court. Order at 16. Accordingly, the Court granted Plaintiffs leave to

8    file the proposed First Amended Complaint on the condition that Plaintiffs "change the putative

9    class period to commence one year prior to the date of the filing of the First Amended Complaint,"

10   which was commensurate with the statute of limitations period for the putative class claim. *Id.* at

11   18. The Court also informed Plaintiffs' counsel, Mr. Hyun, at the February 26, 2015 case

12   management conference that leave to amend would be conditioned on Plaintiffs commencing the

13   class period one year prior to the filing of the proposed First Amended Complaint, and Mr. Hyun

14   affirmed to the Court that Plaintiffs would still pursue this action with that condition imposed.

15   Feb. 26, 2015 Hr'g Tr. at 22:12-19. Plaintiffs filed the First Amended Complaint on March 6,

16   2015; accordingly, the putative class period should have commenced on March 6, 2014. However,

17   the putative class period in Plaintiffs' First Amended Complaint commenced on December 1,

18   2013. FAC ¶ 17. This was not in compliance with the Court's Order.

19           In their Opposition, Plaintiffs state that the class period in Plaintiffs' First Amended

20   Complaint commenced on December 1, 2013 because, before Plaintiffs filed the motion to amend,

21   Defendant's counsel offered to stipulate to the filing of the proposed First Amended Complaint

22   provided that the putative class period commence on December 1, 2013. Opp'n at 4. However,

23   Plaintiffs, in a December 22, 2014 email, rejected the Defendant's proposed stipulation and argued

24   that the class period should commence on May 15, 2013. Exhibit 3 to the Declaration of Michael

25   Mandel in Support of Motion, ECF No. 40. Now, Plaintiffs argue that the December 1, 2013 class

26   commencement date is commensurate with the Court's Order, because the Order "mentioned [the

27   December 1, 2013] date identified in the Parties' meet and confer attempts . . . . Thus, the only

28
12

United States District Court
Northern District of California

1  way to decipher what this meant was to look at the date identified on [the meet and confer email]."
2  Opp'n at 4.

3       Plaintiffs mischaracterize the Court's February 27, 2015 Order. In that Order, the Court
4  referred to the parties' meet-and-confer emails, including Defendant's offer to stipulate to the
5  filing of the proposed First Amended Complaint, in a discussion of the background of the parties'
6  disagreement over the putative class period. Order at 15-16 (discussing the history of the parties'
7  meet-and-confer efforts regarding the putative class period). The Court was clear in its Order that
8  Plaintiffs' putative class claim did not relate back to the filing of the original state court
9  Complaint, and that the putative class period had "to commence one year prior to *the date of the*
10  *filing of the First Amended Complaint.*" *Id.* at 18 (emphasis added). The Court also stated this
11  point multiple times at the February 26, 2015 case management conference. *See, e.g.*, Feb. 26,
12  2015 Hr'g Tr. at 22:12-19. Accordingly, to the extent Plaintiffs attempt to argue that the Court's
13  February 27, 2015 Order permitted the putative class period in Plaintiffs' First Amended
14  Complaint to commence on December 1, 2013, Plaintiffs are incorrect.

15       Plaintiffs also argue that the December 1, 2013 putative class period commencement date
16  is correct because Plaintiffs believe that the "date of the filing of the First Amended Complaint,"
17  as the phrase is used in the Court's Order, refers to the date that "the Defendant and the Court
18  formally received notice of Plaintiffs' intention to add class claims." Opp'n at 1. Plaintiffs contend
19  that this was December 5, 2014, the date that Plaintiffs filed their motion to amend as well as the
20  proposed First Amended Complaint. *Id.* There are two problems with this argument. First, even if
21  this argument were true, the putative class period in Plaintiffs' First Amended Complaint did not
22  commence one year from December 5, 2014; rather, the putative class period in Plaintiffs' First
23  Amended Complaint commenced on December 1, 2013, four days earlier. FAC ¶ 17.

24       Second, Plaintiffs' Petition to the Ninth Circuit contradicts Plaintiffs' claim. In the
25  Petition, Plaintiffs conceded that the Court's February 27, 2015 Order required Plaintiffs to
26  commence the putative class period "one year from the filing of the revised amended complaint
27  (*i.e.*, after February 27, 2015), and not one year from the filing of Petitioner's Motion for Leave to

United States District Court
Northern District of California

1  Amend." *Id.* at 13. Plaintiffs also represented to the Ninth Circuit that the Court's Order required

2  the putative class claim in the First Amended Complaint to commence "one year from the filing of

3  the revised amended claims, not from the date Petitioners originally put Defendant on notice of the

4  claim." *Id.* at 4-5. In short, Plaintiffs represented to the Ninth Circuit that the Court's Order *did not*

5  permit the putative class claim to commence one year from the date of the filing of Plaintiffs'

6  motion to amend or one year from the date Plaintiffs originally put Defendant on notice of the

7  class claim.

8          In their Opposition, Plaintiffs also state that if the putative class period is not in

9  compliance with the Court's Order, then Plaintiffs' non-compliance "is due to nothing more than a

10  misunderstanding." Opp'n at 10; *see also id.* at 11 (stating that "Plaintiffs have, at absolute worst,

11  once unintentionally violated the Court's Order" and that they "filed the FAC in good faith

12  according to their best understanding of the Court's order."). However, Plaintiffs' claims of

13  mistake or inadvertence are belied by the fact that Plaintiffs, in their petition for writ of mandamus

14  to the Ninth Circuit, stated that the Court's February 27, 2015 Order required the putative class

15  period to commence "one year from the filing of the revised amended complaint (*i.e.*, after

16  February 27, 2015)." ECF No. 44, at 13. Plaintiffs' Petition therefore indicates that Plaintiffs did

17  in fact understand that the Court's Order required the putative class period to commence *after* the

18  Court issued its February 27, 2015 Order.

19          Finally, in their Opposition, Plaintiffs state that it would be "manifestly unfair" for the

20  class period to commence one year from the First Amended Complaint's filing date, because that

21  would count the "time spent preparing, briefing, and waiting for a written ruling to be counted

22  against Plaintiffs." Opp'n at 4. Plaintiffs contend "at the very least, Plaintiffs' class period start

23  date should start from December 5, 2014, when Plaintiffs initially filed their Motion for Leave to

24  Amend." *Id*. at 5.

25          The Court does not find this argument persuasive. As previously discussed, Defendant

26  made clear in meet-and-confer correspondence in December 2014 that Defendant disputed that

27  Plaintiffs' putative class claim related back to Plaintiffs' original Complaint. *See* Exhibit A to the

28

1    Declaration of Larry Lee in Support of Opposition, ECF No. 45 (email from Defendant's counsel

2    to Plaintiffs' counsel, contesting the fact that Plaintiffs had "the proposed class as running from

3    May 15, 2013 [i.e., one year prior to the filing of the original complaint] through the present.").

4    Defendant also raised this argument in Defendant's opposition to Plaintiffs' motion to amend,

5    arguing that Plaintiffs' putative class period was incorrect and that "[a]t most the class period

6    should only date back to one year from the date when the FAC is filed, if permitted by the Court."

7    ECF No. 26, at 7-8. After Defendant filed its opposition to the motion to amend, Plaintiffs elected

8    to reject Defendant's offer to stipulate to the filing of the proposed First Amended Complaint with

9    a class period commencing on December 1, 2013. *See* Exhibit 3 to the Declaration of Michael

10   Mandel in Support of Motion, ECF No. 40 (email from Plaintiffs' counsel to Defendant's counsel,

11   sent three days after Defendant's opposition to the motion to amend was filed, declining

12   Defendant's offer of a stipulation). Instead, Plaintiffs chose to file a reply in support of its motion

13   to amend and argue that the putative class claim related back to Plaintiffs' original Complaint.

14   ECF No. 29, at 12. Therefore, Plaintiffs were aware of Defendant's arguments, elected to contest

15   them, and accepted the risk that the Court would rule in favor of the Defendant on the question of

16   when the putative class period should commence.

17        Furthermore, at no point during the February 26, 2015 case management conference did

18   Plaintiff's counsel Mr. Hyun argue that the putative class period should commence earlier than

19   one year from the filing of the proposed First Amended Complaint. To the contrary, Mr. Hyun

20   affirmed to the Court that Plaintiffs still wanted to pursue this action even with the Court's

21   condition imposed. Feb. 26, 2015 Hr'g Tr. at 22:12-19.

22        In sum, the Court finds that the commencement date of the putative class period in the First

23   Amended Complaint violated the Court's February 27, 2015 Order.

24        *b.   Plaintiffs' definition of "Aggrieved Employees"*

25        Next, Defendant argues that Plaintiffs improperly expanded the definition of the term

26   "Aggrieved Employees" beyond the scope permitted in the Court's Order. Specifically, Defendant

27   takes issue with Plaintiffs providing two alternative definitions of "Aggrieved Employees," both

28

United States District Court
Northern District of California

15

of which encompass all of Defendant's employees in California. Mot. at 7-8. This is a larger group than the putative class, which encompasses only "non-exempt employees." *Id*. Plaintiffs contend that they properly defined the term "Aggrieved Employees," although Plaintiffs also acknowledge "the scope of who the Aggrieved Employees are is [sic] still being worked out." Opp'n at 13.

At the February 26, 2015 case management conference, Plaintiffs' counsel Mr. Hyun represented to the Court that the definition of "Aggrieved Employees" would be "a similar definition as the class definition." Feb. 26, 2015 Hr'g Tr. at 20:5-6. Mr. Hyun also indicated that the only difference between the putative class definition and the definition of "Aggrieved Employees" would be the "different period of time" when the claims of the "Aggrieved Employees" began to toll, and that such claims "would be from the date of the PAGA letter." *Id*. at 21:22-25. However, at the same time, Mr. Hyun reiterated that the definition of "Aggrieved Employees" would be "similar" to the definition of the putative class, or "employees who received a cashier's check as their final pay." *Id*. Based on these representations, the Court ordered Plaintiffs to "define the term 'Aggrieved Employees'" and thereby provide Defendant "adequate notice of Plaintiffs' claim." Order at 18.

However, when Plaintiffs filed the First Amended Complaint, Plaintiffs extended the definition of "Aggrieved Employees" to employees beyond those in the putative class. The First Amended Complaint defines members of the putative class to include "[a]ll current and former non-exempt California employees" who previously worked for Defendant. FAC ¶ 17. In contrast, in both alternate definitions of "Aggrieved Employees," Plaintiffs define such employees as "[a]ll current and former California employees" who previously worked for Defendant. *Id*. ¶ 50. In other words, whereas Plaintiffs' putative class consists of only "non-exempt California employees," the "Aggrieved Employees" in Plaintiffs' PAGA claim consist of both non-exempt and exempt California employees. Plaintiffs, in their Opposition, concede that "[t]he PAGA definition covers a greater scope of employees than the class definition." Opp'n at 2. Yet Plaintiffs did not seek, and the Court did not grant, leave to expand the definition of "Aggrieved Employees" beyond the definition that Mr. Hyun gave at the February 26, 2015 case management conference, which was

16

United States District Court
Northern District of California

1   that "Aggrieved Employees" would be commensurate with the putative class definition except

2   with a different period of time when the claims of the "Aggrieved Employees" began to toll. Feb.

3   26, 2015 Hr'g Tr. 21:22-25. Nor did Mr. Hyun at any point during the case management

4   conference indicate that "Aggrieved Employees" might include exempt employees. *See id.*

5          Plaintiffs, in arguing that they did not violate the Court's February 27, 2015 Order, devote

6   much of their Opposition to arguing that it is legally permissible to bring a PAGA claim on behalf

7   of exempt and non-exempt employees, and therefore that Plaintiffs' representative PAGA claim

8   on behalf of exempt employees should not be dismissed or struck. *See* Opp'n at 7-10. However,

9   whether a plaintiff may bring PAGA claims on behalf of exempt employees is not at issue in

10  Defendant's Motion. Rather, Defendant argues that Plaintiffs, in this instance, failed to follow the

11  Court's Order because Plaintiffs improperly expanded the definition of the term "Aggrieved

12  Employees" after representing to the Court that the definition would be concurrent with the

13  definition of the putative class. Reply at 5-6. For the reasons described above, the Court agrees

14  with Defendant.[4] Moreover, where a court grants a plaintiff leave to amend a complaint, and the

15  plaintiff exceeds the scope of the court's order, the court may properly strike the complaint to the

16  extent it violates the order. *Provencio v. Vazquez*, No. 1:07-CV00069-AWIBAK, 2010 WL

17  653881, at *2 (E.D. Cal. Feb. 19, 2010) (striking provisions of amended complaint that "violate[]

18  the court's order" which  "limited amendment or proposed amendment to the new theories about

19  [a specific defendant]."); *Carbajal v. Dorn*, No. CV-09-283-PHX-DGC, 2010 WL 487433, at *2

20  (D. Ariz. Feb. 4, 2010) (granting motion to strike where amended complaint "greatly exceeds the

21  limited amendment permitted by the Court's order"). Accordingly, to the extent Plaintiffs'

22  Opposition disputes whether Defendant can move to strike provisions of the First Amended

23  Complaint that violate the Court's February 27, 2105 Order, Defendant's motion is proper.

24

25  ─────────────────

26  [4] In its Motion, Defendant also argues that Plaintiffs' provision of two "alternative" definitions of "Aggrieved Employees" fails to provide Defendant adequate notice of Plaintiffs' claims, as required by the Court's February 27, 2015 Order. Mot. at 7. Because the Court finds that

27  Plaintiffs' First Amended Complaint impermissibly expanded the definition of "Aggrieved Employees," the Court need not reach this argument.

28

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

United States District Court
Northern District of California

### 2.   Whether to dismiss the First Amended Complaint pursuant to Rule 41(b)

Having determined that Plaintiffs' amendments violated the February 27, 2015 Order, the Court now turns to the question of whether to dismiss the First Amended Complaint pursuant to Rule 41(b). As previously discussed, before dismissing an action pursuant to Rule 41(b), a court must "weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant[]; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (internal quotation marks and citation omitted). The Ninth Circuit has stated that dismissal under Rule 41(b) is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal quotation marks and citation omitted). Furthermore, in weighing the factors described above, the Court is mindful of the fact that dismissal is a "harsh . . . penalty" and "should be imposed . . . only in extreme circumstances." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). The Court now examines each factor in turn.

#### a.   The public's interest in expeditious resolution of litigation

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In their opposition, Plaintiffs argue that they have not sought to prevent "expeditious resolution" of the instant action because any failure to comply with the Court's February 27, 2015 Order "is due to nothing more than a misunderstanding." Opp'n at 10. However, as previously discussed, Plaintiffs' petition for writ of mandamus to the Ninth Circuit illustrated that Plaintiffs understood the Court's Order to require that the putative class period commence "one year from the filing of the revised amended complaint (*i.e.*, after February 27, 2015), and not one year from the filing of Petitioners' Motion for Leave to Amend." ECF No. 44, at 13. In spite of this, before Plaintiffs filed their Petition, Plaintiffs' filed the First Amended Complaint with the putative class period commencing on December 1, 2013. *See* FAC ¶ 17. Accordingly, the Court is skeptical of Plaintiffs' claim that their

18

1    failure to follow the clear instructions in the February 27, 2015 Order, at least with respect to the

2    putative class period, was "due to nothing more than a misunderstanding." *See* Opp'n at 10.

3        For the reasons stated above, the Court finds that the public's interest in expeditious

4    resolution of litigation favors dismissal.

5            *b.   Court's need to manage its docket*

6        "This factor is usually reviewed in conjunction with the public's interest in expeditious

7    resolution of litigation to determine if there is unreasonable delay." *In re Eisen*, 31 F.3d 1447,

8    1452 (9th Cir. 1994). "The trial judge is in the best position to determine whether the delay in a

9    particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*,

10   291 F.3d 639, 642 (9th Cir. 2002).

11       Here, Plaintiffs' failure to comply with the Court's Order necessitated Defendant bringing

12   the instant Motion. This in turn "consumed some of the court's time that could have been devoted

13   to other cases on the docket," a fact which tilts in favor of dismissal. *Pagtalunan*, 291 F.3d at 642.

14   Plaintiffs' noncompliance with the Court's Order also interfered with the Court's ability to

15   "manage its docket without being subject to the routine noncompliance of litigants," another fact

16   that favors dismissal. *Id.*; *see also Yourish*, 191 F.3d at 990 (party's deliberate noncompliance

17   with a court order to amend a complaint "allowed the Plaintiffs to control the pace of the docket

18   rather than the Court," thereby favoring dismissal) (internal quotation marks omitted).

19   Accordingly, this factor weighs in favor of dismissal.

20           *c.   Risk of prejudice to Defendant*

21       To prove prejudice, a defendant must establish that "plaintiff's actions impair[ed] the

22   defendant's ability to proceed to trial or threaten[ed] to interfere with the rightful decision of the

23   case." *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). "Prejudice itself

24   usually takes two forms—loss of evidence and loss of memory by a witness. In every case of

25   delay, a district court in the exercise of its discretion should consider whether such losses have

26   occurred and if so, whether they are significant." *Nealey v. Transportacion Maritima Mexicana, S.*

27   *A.*, 662 F.2d 1275, 1281 (9th Cir. 1980); *see also In re Phenylpropanolamine (PPA) Prods. Liab.*

28
Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1   *Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("Prejudice normally consists of loss of evidence and

2   memory.").

3          Here, according to Defendant, "Plaintiffs' refusal to comply with the Court's directives has

4   interfered with the [Defendant's] ability to build a defense." Mot. at 12. However, Defendant does

5   not detail how Plaintiffs' noncompliance has threatened Defendant's "ability to build a defense."

6   *Cf. J & J Sports Prods., Inc. v. Mojica*, No. 11-CV-05440-LHK, 2014 WL 4794179, at *3 (N.D.

7   Cal. Sept. 25, 2014) (finding four-year delay caused defendants prejudice where defendants

8   showed that plaintiff's case "will rely on the testimony of eyewitnesses, including that of

9   Defendants, Defendants' employees and patrons, and Plaintiff's investigator," and that there was

10  "a substantial risk that the passage of time has eroded at least some of these witnesses'

11  memories."). Moreover, Defendant does not claim that Plaintiffs' actions have caused the "loss of

12  evidence and memory" such that they would cause Defendant prejudice. *In re PPA Litig.*, 460

13  F.3d at 1228. Accordingly, it is unclear whether Plaintiffs' noncompliance with the Court's Order

14  has impacted Defendant's ability to build a defense.

15         However, Defendant also argues that Plaintiffs' failure to follow the February 27, 2015

16  Order "prejudiced [the Defendant] in that it has increased the burdens on the [Defendant] by

17  requiring it to engage in further unnecessary law and motion practice." Mot. at 12. It is true that

18  "prejudice" for purposes of a motion to dismiss brought pursuant to Rule 41(b) "may . . . consist

19  of costs or burdens of litigation." *In re PPA Litig.*, 460 F.3d at 1228. Plaintiffs' filing of the First

20  Amended Complaint, and Plaintiffs' subsequent decision not to correct the First Amended

21  Complaint after Defendant pointed out its deficiencies in a meet-and-confer email, necessitated the

22  instant Motion and thereby increased the costs and burden of litigation on Defendant. *See* Mot. at

23  12. Accordingly, Defendant has shown that Plaintiffs' noncompliance with the Court's February

24  27, 2015 Order caused Defendant prejudice, and this factor favors dismissal.

25              *d.   Public policy favoring disposition of cases on their merits*

26         "Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643.

27  Here, dismissing this matter pursuant to Rule 41(b) would end this matter before resolution on its

28
                                                      20
    Case No.14-CV-02748-LHK
    ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

merits. Thus, this factor "clearly counsels against dismissal." *Hernandez*, 138 F.3d at 399.

> e.   *The availability of less drastic alternatives*

In the Ninth Circuit, a district court's failure to consider less drastic alternatives generally weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. Although "it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning," *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998), in general it is relevant to the determination of a Rule 41(b) motion whether the district court "implement[ed] alternative methods of sanctioning or curing the malfeasance before ordering dismissal," or "warn[ed] the plaintiff of the possibility of dismissal before actually ordering dismissal," *Malone*, 833 F.2d at 132; *see also id.* ("Moreover, explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."). Furthermore, "when a case is still young, a district court must consider less drastic alternative sanctions before dismissing." *Raiford*, 640 F.2d at 945 (9th Cir. 1981) (referring to case that was approximately one year old) (internal quotation marks and alteration omitted).

Here, the Court is mindful of the fact that in its February 27, 2015 Order, the Court did not state that failure to comply with the Court's Order would result in dismissal with prejudice. *See* Order. Moreover, Plaintiffs filed the instant action in Santa Clara County Superior Court on May 14, 2014, *see* Compl., and Defendant removed it to this Court on June 13, 2014, ECF No. 1. Accordingly, this matter has been pending before this Court for approximately one year, a fact which weighs against dismissal. *See Raiford*, 640 F.2d at 945. Finally, although Defendant requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice, the Court has available to it less drastic sanctions. For instance, as Defendant alternatively requests in its Motion, the Court could strike the portions of the First Amended Complaint that are in violation of the February 27, 2015 Order. *See* Mot. at 14015. Therefore, taking into consideration the fact that this matter has been pending for approximately one year and the availability of less drastic alternatives, this factor weighs against dismissal.

> f.   *Conclusion regarding Rule 41(b) factors*

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

In summary, the Court finds that the public's interest in expeditious resolution of litigation, the Court's own need to manage its docket, and the risk of prejudice to the Defendant all weigh in favor of dismissal. The Court also finds that public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives weigh against dismissal. Furthermore, the Court notes again that dismissal pursuant to Rule 41(b) is a "harsh penalty" to be employed only in "extreme circumstances." *Thompson*, 782 F.2d at 831. Therefore, on balance, the Court concludes that Plaintiffs' noncompliance with the February 27, 2015 Order does not justify dismissal of this action, and the Court DENIES Plaintiffs' motion to dismiss.

### B.  Motion to Strike

The Court now turns to Defendant's motion in the alternative to strike the noncompliant portions of the First Amended Complaint. Pursuant to Rule 12(f), a court may strike claims from any pleading for failure to comply with the court's orders.  *Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.*, No. CIV. 03-3013-CO, 2005 WL 2675189, at *2 (D. Or. Oct. 19, 2005), *aff'd*, 565 F.3d 545 (9th Cir. 2009). Here, as previously discussed, Plaintiffs failed to comply with the Court's February 27, 2015 Order by (1) commencing the putative class period on December 1, 2013, and (2) expanding the definition of "Aggrieved Employees" to include employees not in the putative class definition. *See* Section III.A.1, *supra*. Accordingly, the Court GRANTS Defendant's motion to strike insofar as Defendant seeks to strike the following provisions of the First Amended Complaint:

- All references to "other similarly situated current and former employees," "aggrieved employees," and the "Class" in the preface;
- Paragraphs 17-28 in their entirety;
- All references to the "Class" in Paragraphs 31-32;
- Paragraph 50 in its entirety;
- All references to "Aggrieved Employees" or "aggrieved employees" in Paragraphs 51-53;
- All references to the "Class" in the Prayer for Relief.

22

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE

United States District Court
Northern District of California

Defendant requests that the Court strike portions of the First Amended Complaint with prejudice. However, the Court should "freely give" leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). In general, courts will deny leave to amend if it is clear that a claim's or pleading's deficiencies cannot be cured by amendment, *see DeSoto*, 957 F.2d at 658, or amendment will cause prejudice to the opposing party, *see Eminence Capital*, 316 F.3d at 1052. In the instant case, Defendant does not explain why the Court should deny leave to amend. *See* Mot. at 14-15. Defendant does not argue that amendment would be futile or cause prejudice. *See DCD Programs*, 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice."). Therefore, the Court grants Plaintiffs leave to amend. Within seven (7) days of the date of this Order, Plaintiffs may file a Second Amended Complaint consistent with this Court's February 27, 2015 Order. Specifically, the putative class period must commence on March 6, 2014, and the definition of "Aggrieved Employees" must be the same as Plaintiffs' putative class definition, with the exception of the date at which the PAGA claim begins to toll, as Plaintiffs' counsel represented at the February 26, 2015 case management conference. *See* Feb. 26, 2015 Hr'g Tr. at 21:22-25.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Defendant's motion to dismiss and GRANTS Defendant's motion to strike with leave to amend. Should Plaintiffs elect to file an amended complaint, Plaintiffs shall do so within seven (7) days of this Order. Failure to meet this deadline, or failure to amend the Complaint in accordance with this Order, will result in dismissal with prejudice. Plaintiffs may not add new claims or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: July 21, 2015

_____
LUCY H. KOH
United States District Judge

Case No.14-CV-02748-LHK
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO STRIKE