1
2
3
4
5
6
7
8
9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11  SAN JOSE DIVISION

12

13  MICHELLE NARANJO and MATHAN JAYME,

Case No.: 5:14-CV-02748-LHK

14  Plaintiffs,

**ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT**

15  vs.

16  BANK OF AMERICA NATIONAL
ASSOCIATION and DOES 1 through 10,
inclusive,

17

18  Defendants.

19

20

21      Plaintiffs Michelle Naranjo and Mathan Jayme (collectively, "Plaintiffs" or "Class

22  Representatives") have made an application pursuant to Fed. R. Civ. P. 23(e) for entry of an

23  order (a) preliminarily approving the settlement of this litigation pursuant to the amended Joint

24  Stipulation of Class Action Settlement and Release (the "Agreement"), ECF Nos. 65 & 77; (b)

25  conditionally certifying a class for purposes of proceedings in connection with the final approval

26  of the Agreement; (c) approving the amended form of Class Notice of Settlement and directing

27  the manner of delivery thereof, ECF No. 77; (d) approving Larry W. Lee of Diversity Law

28

1

Group, Dennis S. Hyun of Hyun Legal, and William L. Marder of Polaris Law Group as Class Counsel and Plaintiffs as Class Representatives.

IT IS HEREBY ORDERED THAT:

1.      All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties and filed with this Court.

2.      The Agreement is PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate and to have been the product of arm's-length negotiations between the Plaintiff and Defendant Bank of America, N.A. (hereinafter referred to as "Defendant," "BANA," or "Bank of America").  In making this preliminary finding, the Court considered the nature of the claims, the relative strength of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds amongst the class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.

3.      For settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court conditionally certifies the following Class:

> All persons whose employment with BANA ended in California from December 1, 2013 through August 31, 2015 ("226(e) Class Period"), and who received their final pay through a "cashier's" or "manual" check.

4.      If the Agreement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Agreement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context.  The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim, issue, evidentiary preclusion or estoppel effect in any other action against the Releasees, or in this Action if the Agreement is not finally approved.

5.      The Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. 23(e), that the number of class members is sufficiently numerous, the class members are

2

ascertainable based on the Defendant's records, the Plaintiffs' claims are common and typical of those of the class, and that there is adequate and fair representation.

6.      Accordingly, for purposes of the Agreement only, this litigation is CONDITIONALLY CERTIFIED as a class action pursuant to Fed. R. Civ. P. 23(e).

7.      Pursuant to Fed. R. Civ. P. 23(g), the Court APPOINTS as Class Counsel for settlement purposes only Larry W. Lee of Diversity Law Group, Dennis S. Hyun of Hyun Legal, and William L. Marder of Polaris Law Group.

8.      Plaintiffs are approved as Class Representatives for the Settlement Class Members for settlement purposes only.

9.      The Court finds on a preliminary basis that the proposed settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorney's fees and costs and the Class Representative Service Payment) falls within the "range of reasonableness" and therefore grants preliminary approval of the Agreement.  Based on a review of the record, the Court finds that the Agreement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims.

10.     The Court APPROVES Rust Consulting as Claims Administrator for the purposes of this settlement.

11.     A hearing (the "Final Approval Hearing") is scheduled to be held before the Court on May 5, 2016, at 1:30 p.m., for the following purposes:

a.      to determine finally whether this litigation satisfies the applicable prerequisites for class action treatment of a settlement class;

b.      to determine whether the proposed Agreement is fair, reasonable, and adequate and should be granted final approval by the Court;

c.      to determine whether the Order of Final Approval as provided under the Agreement should be entered, and to determine whether the Releasees should be released of and from the Released Claims as provided in the

3

1    Agreement;

2    d.    to determine whether the proposed plan of allocation of the Settlement

3          Amount is fair and reasonable and should be approved by the Court;

4    e.    to finally consider Plaintiffs' application for Class Representative

5          enhancement payments;

6    f.    to finally determine whether Class Counsel's application for an award of

7          attorney's fees and costs is fair, reasonable, and adequate and should be

8          approved by the Court;

9    g.    to determine that the Claim's Administrator's costs should be paid from

10         the Settlement Amount; and

11   h.    to rule upon such other matters as the Court may deem appropriate.

12         12.    The form of Class Notice as amended by the parties is hereby APPROVED.  ECF

13   No. 77.  No later than 20 calendar days after the entry of this Order, Defendant shall provide the

14   Claims Administrator with each Class Member's: (1) name; (2) last known address and

15   telephone number; (3) Social Security number; and (4) the date of the termination of their

16   employment.  No later than 20 calendar days after receipt of this information from Defendant,

17   the Claims Administrator shall send the documents constituting the Notice Packet to each Class

18   Member by first-class mail, postage prepaid.

19         13.    The Court finds that the amended Class Notice, ECF No. 77, along with the

20   related notification materials, constitute the best notice practicable under the circumstances and

21   are in full compliance with the laws of the State of California, the United States Constitution, and

22   the requirements of due process.  The Court further finds that the notifications fully and

23   accurately informs the Settlement Class Members of all material elements of the proposed

24   settlement, of the Settlement Class Members' right to dispute their share of the settlement, of the

25   Settlement Class Members' right to be excluded from the Settlement Class, and of each

26   Settlement Class Member's right and opportunity to object to the settlement.

27         14.    The Court APPROVES the proposed Response Deadline of 45 calendar days

28

4

from the initial mailing of the Notice Packet.

15.    The Court APPROVES the proposed procedure for opting out of the Settlement Class.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Any member of the Class who requests exclusion from the settlement will not be entitled to any share of the settlement and will not be bound by the Agreement or have any right to object, appeal, or comment thereon.  Members of the Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the settlement.

16.    All reasonable costs of settlement and claims administration, including the mailing of the amended Class Notice, shall be paid for as provided in the Agreement.

17.    To object, a Class Member must mail a Notice of Objection to the Claims Administrator no later than 14 calendar days before the original date scheduled for the hearing regarding final approval of the settlement.  The Notice of Objection must be signed by the Class Member and contain all information required by the Settlement Agreement.  The postmark date of the mailing shall be deemed the exclusive means for determining that the Notice of Objection is timely.  Class Members who fail to object in the manner specified above shall be deemed to have waived all objections to the Settlement.  Class Members who timely mail their objections may appear at the Final Approval Hearing to have their objections heard by the Court.

18.    The schedule by which the events referenced above shall occur is as follows:

| Event | Date |
|---|---|
| Submission by Defendant of Class Members' Information | December 28, 2015 |
| Amended Notice Mailed to Class Members | January 19, 2016 |
| Motions for Attorney's Fees and Costs; Motions for Service Awards | February 19, 2016 |
| Deadline to Opt-Out | March 4, 2016 |

| Motion for Final Approval | April 8, 2016 |
|---|---|
| Deadline to Object | April 21, 2016 |
| Claims Administrator Affidavit of Compliance with Notice Requirements | April 28, 2016 |
| Replies in Support of Motions for Final Approval, Attorney's Fees and Costs, and Service Awards | April 28, 2016 |
| Final Approval Hearing | May 5, 2016, at 1:30 p.m. |

19.     Pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

20.     All Parties are otherwise ordered to comply with the terms of the Agreement.

21.     The Agreement resolves the First and Fifth Causes of Action on a class or representative basis, as set forth in the Second Amended Complaint, as well as Plaintiffs' individual claims as alleged in the Second through Fourth Causes of Action in the Second Amended Complaint.

22.     Jurisdiction by this Court is retained over this litigation and the Parties to this litigation, and each of the Class Members for all matters relating to this litigation, the Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Agreement and this Order.

Dated:  December 7, 2015

_Lucy H. Koh_
_____
Lucy H. Koh
United States District Judge

Case No. 14-CV-02748-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT