1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHELLE NARANJO, et al.,

        Plaintiffs,

   v.

BANK OF AMERICA NATIONAL ASSOCIATION,

        Defendant.

Case No. 14-CV-02748-LHK

**JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

Re: Dkt. Nos. 79, 82

This matter is before the Court on Plaintiffs' Motions for Attorney's Fees and Class Representative Award and for Final Approval of Class Action Settlement.  ECF No. 79 ("Mot. for Att'y Fees"); ECF No. 82 ("Mot. for Final Approval").

WHEREAS, a class action is pending before the Court in *Naranjo v. Bank of America National Association*, No. 14-CV-02748-LHK;

WHEREAS, the Court has received and reviewed the Joint Stipulation of Class Action Settlement and Release entered into between Representative Plaintiffs Michelle Naranjo and Mathan Jayme, on the one hand, and Defendant Bank of America National Association, on the other hand, dated on or about August 6, 2015 (the "Settlement Agreement"), ECF No. 65, and has

1

considered the terms of the proposed settlement set forth therein;

WHEREAS, all terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

WHEREAS, on December 3, 2015, this Court held a preliminary approval hearing and subsequently issued an Order requesting that the parties amend the Settlement Agreement and Notice to (1) clarify the payment amount to the California Labor and Workforce Development Agency ("LWDA") and to (2) simplify the process to object, ECF No. 75;

WHEREAS, on December 7, 2015, the parties stipulated to the Court's proposed changes to the Settlement Agreement, as set forth in the Court's December 3, 2015 Order, ECF No. 77;

WHEREAS, on December 7, 2015, the Court entered an order preliminarily approving the Settlement Agreement, conditionally certifying classes under Rule 23 of the Federal Rules of Civil Procedure, approving the form and method of the Amended Notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court as being fair, adequate, and reasonable, ECF No. 78 ("Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class members be given notice of the Settlement Agreement and of the date for the final fairness hearing;

WHEREAS, the Court has received the declaration of the Claims Administrator attesting to the mailing of the Amended Notice in accordance with the Preliminary Approval Order;

WHEREAS, no objections have been made to the Motion for Final Approval, and there has been one opt out to the Settlement; and

WHEREAS, the Court having conducted a final fairness hearing on May 5, 2016 (the "Fairness Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    The Court has jurisdiction over the subject matter of this action, all Settlement Class members, and Defendants.

2.    In accordance with Rule 23 of the Federal Rules of Civil Procedure and the

2

United States District Court
Northern District of California

United States District Court
Northern District of California

requirements of due process, all Settlement Class members have been given proper and adequate notice of the Settlement.  Based upon the evidence submitted by the parties, the Settlement Agreement, the arguments of counsel, and all the files, records, and proceedings in this case, the Court finds that the Amended Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and any other applicable law.

3.      The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from contested litigation, substantial discovery, motion practice, and arm's length negotiations between the parties, and is in the public interest considering the following factors:

(a) the strength of Plaintiffs' case;

(b) the risk, expense, complexity, and likely duration of further litigation;

(c) the risk of maintaining class action status throughout the trial;

(d) the amount offered in settlement;

(e) the extent of discovery completed;

(f) the experience and views of counsel; and

(g) the reaction of the class members to the proposed settlement.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

4.      The Final Approval Motion is hereby GRANTED, and the Settlement Agreement is hereby APPROVED as fair, reasonable, and adequate for the Settlement Class members. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

5.      The Court APPROVES payment of the Class Settlement Amount in accordance

3

Case No. 14-CV-02748-LHK
JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES

United States District Court
Northern District of California

with the terms of the Settlement Agreement.

6.      The Court APPROVES payment of Class Representative Awards to Michelle Naranjo in the amount of $2,500.00 and Mathan Jayme in the amount of $2,500.00, in accordance with the terms of the Settlement Agreement.

7.      The Court APPROVES payment to Michelle Naranjo in the amount of $2,500.00 and Mathan Jayme in the amount of $2,500.00 to settle Naranjo and Jayme's individual claims, in accordance with the terms of the Settlement Agreement.

8.      The Court APPROVES payment of Attorney's Fees in the amount of $63,750.00 and Costs in the amount of $4,470.87 to Class Counsel in accordance with the terms of the Settlement Agreement.  In arriving at this conclusion, the Court observes that Class Counsel's request represents 25% of the Gross Settlement Amount, which the Ninth Circuit has established is a "benchmark" rate under the percentage-of-recovery calculation.  *See, e.g.*, *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure.").

Additionally, as to the lodestar cross-check, the Court has reviewed the declarations and the requested hourly rate for each attorney.  Under Class Counsel's requested rates and reported hours, Class Counsel's total lodestar is **$262,535.00**.[1]

Class Counsel William Marder ("Marder"), Larry Lee ("Lee"), and Dennis Hyun ("Hyun") each request an hourly rate of $650.00 per hour.  Courts in the Northern District of California previously have approved these rates for these attorneys.  However, for the reasons stated below, this Court DECLINES to approve Nicholas Rosenthal's ("Rosenthal") requested $500.00 hourly rate.

First, Rosenthal presented no evidence to support his requested $500.00 hourly rate in

---

[1] This lodestar total is based on a lodestar of $130,845.00 for Dennis Hyun.  Although Hyun reported a lodestar of $136,695.00, ECF No. 79-4 at 7, that number is incorrect.  Hyun reported spending 201.3 hours on this action at $650.00 per hour; taken together, that yields $130,845.00.

4

Case No. 14-CV-02748-LHK
JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES

1    Class Counsel's February 18, 2016 motion for attorney's fees.  Moreover, Rosenthal presented no

2    such evidence even after the Court's March 28, 2016 order specifically requested that Rosenthal

3    "provide[] any documentation in support of this purported billing rate."  ECF No. 80.  No court in

4    the Northern District of California has previously approved a $500.00 hourly rate for Rosenthal,

5    who has been a practicing attorney for 5.5 years.  ECF No. 81-2 at 3.  Thus, no evidence in the

6    record supports a $500.00 hourly rate for Rosenthal.

7        Second, Class Counsel request $63,750.00 in fees.  However, even excluding Rosenthal's

8    hours, Class Counsel's lodestar would be $233,285.00.  Thus, Class Counsel's lodestar multiplier,

9    excluding Rosenthal's hours, would therefore be 0.27.  As a result, excluding Rosenthal's hours

10   would not impact the overall reasonableness of Class Counsel's request for attorney's fees.

11       Third, a considerable amount of Rosenthal's hours was spent preparing for and attending

12   the mediation in San Francisco.  However, Hyun and Marder, who each request an hourly rate of

13   $650.00 in this action, also attended the mediation.  Lee, who did not attend the mediation, spent

14   time drafting the mediation brief.  In total, Rosenthal (13.8 hours), Lee (5.6 hours), Marder (12.0

15   hours), and Hyun (25.2 hours) spent 56.6 hours preparing for, traveling to, and/or attending the

16   mediation, at a total lodestar of $34,720.00.  This figure represents a significant percentage of the

17   Gross Settlement Amount of $255,000.00.  Even excluding Rosenthal's hours, Class Counsel's

18   fees for work related to the mediation are reasonably compensated.

19       9.    The Court APPROVES payment of fees by Defendants to the Claims Administrator

20   in the amount of $20,000.00, in accordance with the terms of the Settlement Agreement.

21       10.    The Court APPROVES payment of $46,875.00 to the California Labor Workforce

22   & Development Agency ("LWDA") as required under California law for settlement of penalties

23   under the Private Attorney General Act.

24       11.    The allocation plan is hereby APPROVED as being fair, adequate, and reasonable.

25   The Class Settlement Amount, Class Representative Awards, Claims Administrator fees, payment

26   to the LWDA, and Attorney's Fees and Costs shall be distributed in accordance with the terms of

27   the Settlement Agreement and any further orders of this Court.

28

*United States District Court*
*Northern District of California*

5

12.     In consideration of the Class Settlement Amount, and for other good and valuable consideration, each of the Settlement Class members who have not validly excluded himself/herself from this Settlement shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all claims against Defendants in accordance with the terms of the Settlement Agreement and as the released claims are defined in the Settlement.

13.     This Judgment is the Final Judgment in the suit as to all Settlement Class members who have not excluded himself/herself from this Settlement.

14.     Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over: (a) implementation of the Settlement Agreement and its terms; (b) distribution of the Class Settlement Amount, the Class Representative Awards, Claims Administrator fees, LWDA payment, and Attorney's Fees and Costs; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement, and the administration of claims by Settlement Class members.

15.     In the event that the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Class Members, and Defendants.

16.     This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  May 5, 2016

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 14-CV-02748-LHK
JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL AND ORDER GRANTING
MOTION FOR ATTORNEY'S FEES